UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR TAYLOR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LANDON BIRD,<br><br>　　　　Defendant. | No.  2:20-cv-2007 DB P<br><br><br>ORDER |

    Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## I.     Screening Requirement

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

////

////

////

### III. Plaintiff's Allegations

Plaintiff brings this civil rights action against Landon Bird, Warden of the Deuel Vocational Institution (DVI) in Tracy, California, where plaintiff was housed at all times relevant to this action. Plaintiff seeks damages.

Plaintiff's allegations may be fairly summarized as follows:

Sometime in 2016 or 2017, plaintiff was housed at DVI for 132 days. During that time, he only drank water provided by the institution. Three weeks after his arrival, he received a flyer indicating that the DVI water had not been tested. Apparently, plaintiff began to feel unwell while at DVI, but he did not get diagnosed with Stage II renal failure until after he transferred to another institution. Plaintiff attributes this diagnosis to his consumption of allegedly contaminated water at DVI. Plaintiff accuses Warden Bird of failing to ensure safe drinking water at DVI and failing to provide bottled water as an alternative.

### IV. Discussion

The Eighth Amendment requires prison officials to provide human conditions of confinement, including adequate food, clothing shelter, and medical care, and to take reasonable measures to guarantee the safety of inmates. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). A prisoner seeking relief for an Eighth Amendment violation must show that the official acted with deliberate indifference to a threat of serious harm or injury to an inmate. Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002). "Deliberate indifference" has both subjective and objective components. A prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and...must also draw the inference." Farmer, 511 U.S. at 837. Liability may follow only of a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 837. The exposure to toxic substances can support a claim under section 1983. See Wallis v. Baldwin, 70 F.3d 1074, 1076-77 (9th Cir. 1995) (exposure to asbestos); see also Helling v. McKinney, 509 U.S. 25, 35-37 (1993) (using "demonstrably unsafe drinking water" as a hypothetical example of a potential conditions of confinement claim). Mere negligence on the part of a prison official is not sufficient to

3

1    establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at
2    835; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

3    The exposure to toxic substances can support a claim under section 1983. See Wallis v.
4    Baldwin, 70 F.3d1074, 1076-1077 (9th Cir 1995) (exposure to asbestos).  Even so, and despite
5    the Court's obligation to liberally construe plaintiff's pleading, the allegations are too bare and
6    conclusory to proceed at this time. For example, it is unclear if the notice that plaintiff claims he
7    received three weeks after his arrival at DVI indicated both that the water at DVI had not been
8    tested and that the water was contaminated. It is equally unclear if plaintiff continued to drink the
9    water at DVI after he received this notice, indicating that there is a possibility that plaintiff may
10   have consumed the water at DVI for only 3 weeks. Furthermore, while plaintiff links his Stage II
11   renal failure to contaminated water at DVI, the complaint lacks any indication of causation, and
12   the medical notes attached to the complaint do not make this link. Finally, there are no allegations
13   linking Warden Bird to the allegedly contaminated drinking water at DVI.

14   Because there are significant questions as to whether the water at DVI was indeed
15   contaminated, how long plaintiff drank the water, whether any contaminated water caused or
16   contributed to plaintiff's condition, and what role defendant played, the Court concludes that
17   plaintiff fails to state a claim.

18   **V.     Conclusion**

19   Plaintiff's complaint fails to state a claim on which relief may be granted. The Court will
20   grant plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-
21   49 (9th Cir. 1987).

22   If plaintiff does not wish to amend, he may instead file a notice of voluntary dismissal, and
23   the action then will be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). Alternatively,
24   plaintiff may forego amendment and notify the Court that he wishes to stand on his complaint. See
25   Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego
26   amendment). If the last option is chosen, the undersigned will issue findings and recommendations
27   to dismiss the complaint with leave to amend, plaintiff will have an opportunity to object, and the
28   matter will be decided by a District Judge.

If plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff should note that although he has been granted the opportunity to amend his complaint, it is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully review this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves a function in the case. Id. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly titled, in bold font, "First Amended Complaint," reference the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Within thirty days from the date of service of this order, plaintiff must file either a first amended complaint curing the deficiencies identified by the Court in this order, a notice of voluntary dismissal, or a notice of election to stand on the complaint; and

2. If plaintiff fails to file a first amended complaint or notice of voluntary dismissal, the Court will recommend the action be dismissed, with prejudice, for failure to obey a court order and failure to state a claim.

Dated: March 15, 2021

/DLB7;
DB/Inbox/Substantive/tayl2007.scrn

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE