1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT

8                      FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   ARTHUR TAYLOR,                             No.  2:20-cv-2007 JAM DB P

11                  Plaintiff,

12         v.                                   ORDER

13   LANDON BIRD,

14                  Defendant.

15

16         Plaintiff, a state prisoner, proceeds pro se with a civil rights action. Plaintiff's amended

17   complaint filed on July 28, 2021 (ECF No. 24) is before the court for screening.

18   **I.      Screening Requirement**

19         The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion

20   thereof, that may have been paid, the court shall dismiss the case at any time if the court

21   determines that... the action or appeal... fails to state a claim upon which relief may be granted."

22   28 U.S.C. § 1915(e)(2)(B)(ii).

23   **II.     Pleading Standard**

24         Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or

25   immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp.

26   Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of

27   substantive rights, but merely provides a method for vindicating federal rights conferred

28   elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) a right secured by the Constitution or laws of the United States was violated and (2) the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct, and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

**III.     Plaintiff's Allegations**

Plaintiff brings this civil rights action against Landon Bird, Warden of the Deuel Vocational Institution (DVI) in Tracy, California. He seeks damages.

Plaintiff was housed at DVI for 132 days sometime in 2016 or 2017. During that time, he only drank water provided by the institution. Three weeks after his arrival, he received a flyer indicating that the DVI water had not been tested in 2016. Apparently, plaintiff began to feel unwell while at DVI, but he did not get diagnosed with Stage II renal failure until after he transferred to another institution. Plaintiff attributes this diagnosis to his consumption of allegedly contaminated water at DVI. Plaintiff accuses Warden Bird of failing to ensure safe drinking water at DVI and alleges Warden Bird had "some kind of knowledge" that the pumps and wells at DVI were providing bad water that was full of bacteria.

**IV.     Discussion**

The Eighth Amendment requires prison officials to provide human conditions of confinement, including adequate food, clothing shelter, and medical care, and to take reasonable measures to guarantee the safety of inmates. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). A prisoner seeking relief for an Eighth

2

Amendment violation must show that the official acted with deliberate indifference to a threat of serious harm or injury to an inmate. Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002). "Deliberate indifference" has both subjective and objective components. A prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and... must also draw the inference." Farmer, 511 U.S. at 837. Liability may follow only of a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 837. The exposure to toxic substances can support a claim under section 1983. See Wallis v. Baldwin, 70 F.3d 1074, 1076-77 (9th Cir. 1995) (exposure to asbestos); see also Helling v. McKinney, 509 U.S. 25, 35-37 (1993) (using "demonstrably unsafe drinking water" as a hypothetical example of a potential conditions of confinement claim). Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Although plaintiff alleges the water at DVI was contaminated and attributes his renal failure to contaminated water at DVI, plaintiff has not alleged any facts showing that he was incarcerated under conditions posing a substantial risk of serious harm. The complaint also lacks any plausible suggestion of causation.

Plaintiff was previously notified his original complaint failed to allege facts showing the water was contaminated. The amended complaint likewise fails to plausibly suggest the water was contaminated. Plaintiff now describes the contamination as bacterial but does not set forth a basis for the assertion. It remains an unsupported and unwarranted inference, premised on the flyer indicating DVI water was not tested in 2016 and plaintiff's renal failure, which he attributes to the water.

Plaintiff's exhibits[1] contradict his speculations. Plaintiff has provided the court with, among other exhibits, pages from a 2017 DVI Water Quality Report. The report states DVI's

_____

[1] The court references the exhibits to plaintiff's original complaint, which he incorporated by reference into his amended complaint. (See ECF No. 24 at 3.) Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (a court may consider materials "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the

3

1  water "meets or exceeds USEPA and California State Water Resource Control Board standards."

2  (ECF No. 1 at 14-15.)

3      Plaintiff also attached at letter dated February 19, 2019 from the State Water Resources

4  Control Board responding to plaintiff's inquiries.  According to the Division's records, there were

5  no Maximum Contaminant Level ("MCL") exceedances on DVI's Reverse Osmosis treated water

6  supplied to the distribution system in 2016. (ECF No. 1 at 16.) And further, the letter states "you

7  mentioned that a flyer was passed out stating that the water had not been tested during 2016. This

8  flyer was a public notification stating that DVI failed to monitor some of its wells for nitrate in

9  2016. Past and present monitoring show that DVI has not had any nitrate MCL exceedances."

10  (Id.)

11      Thus, the exhibits provide no support for the speculative allegation about contaminated

12  water. In addition, plaintiff does not adequately allege facts to plausibly show that his renal

13  failure was caused by any contamination in water. Unfounded speculation that plaintiff's renal

14  failure was caused by contaminated water is not enough on its own to state a claim.

15      Finally, the mere allegation that Warden Bird had some kind of knowledge about

16  allegedly contaminated drinking water at DVI is too vague and conclusory to adequately plead

17  the existence of the subjective component of a deliberate indifference claim. See Farmer, 511

18  U.S. at 837. Under all the circumstances, plaintiff's claims still lack facial plausibility.

19  Speculative allegations are insufficient for "the court to draw the reasonable inference that the

20  defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

21  **V.      Leave to Amend**

22      Plaintiff's amended complaint fails to state a claim on which relief may be granted. The

23  court will allow plaintiff one final opportunity to amend in the event plaintiff believes there are

24  additional facts he can allege in order to state a cognizable claim. Noll v. Carlson, 809 F.2d 1446,

25  1448-49 (9th Cir. 1987). This opportunity to amend is not for the purpose of adding new and

26  unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

27

28  [plaintiff's] pleading" (internal citation and quotation marks omitted).

The amended complaint must be complete in itself without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967); Local Rule 220. The amended complaint should be clearly titled "Second Amended Complaint" and reference the appropriate case number.

If plaintiff does not wish to amend or cannot allege additional consistent facts, he may file a notice of voluntary dismissal and the action then will be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). Alternatively, plaintiff may again forego amendment and notify the court that he wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). If plaintiff elects to stand on his first amended complaint, then the undersigned will issue findings and recommendations to dismiss the complaint without further leave to amend; plaintiff will have an opportunity to object and the matter will be decided by the district judge. If plaintiff fails to file a second amended complaint, notice of election to stand on the complaint, or notice of voluntary dismissal, then the undersigned will recommend the action be dismissed, with prejudice, for failure to obey a court order and failure to state a claim.

## V.      Appointment of Counsel

Plaintiff has requested appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

**VI.    Conclusion**

Based on the foregoing, IT IS HEREBY ORDERED:

1. Plaintiff's motion for the appointment of counsel (ECF No. 26) is denied; and

2.  Within thirty days from the date of service of this order, plaintiff must file one of the following: a second amended complaint curing the deficiencies identified herein, a notice of voluntary dismissal, or a notice of election to stand on the first amended complaint.

Dated:  October 8, 2021

DLB7
tayl2007.scmfac.31

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

6